## M'Dorman v. Jellison.

Debt on a promissory note. Plea, that the consideration of the note was the plaintiff's undertaking, by bond, to convey to the defendant a certain tract of land, but that the plaintiff never had any title to the land. The plaintiff having obtained *oyer* of the bond, replied to the plea. *Held*, on demurrer to the replication, that the plea was bad, the bond shown on *oyer* being materially different from that which the plea had previously described.

ERROR to the *Wayne* Circuit Court.

Blackford, J.—This was an action of debt brought by *M'-Dorman* against *Jellison* on a promissory note for the sum of 500 dollars, payable nine months after date.

The defendant pleaded as follows : that the note was procured to be made through the fraud, covin, and deceit of the plaintiff, without any good or valuable consideration whatever, in this, to wit, that the plaintiff fraudulently pretended to be the owner in fee-simple of the west half of the south east quarter of section two, in township 24, range 7 east, of lands sold at *Fort Wayne*, and then and there, in consideration that the defendant would execute to him the note in the declaration specified, he, the plaintiff, undertook and promised, by his bond, dated the 21st of *February*, 1839, and now here shown to the Court, to convey to the defendant and his heirs in fee-simple the above described premises; and the defendant avers that, upon the promises in the bond aforesaid of the plaintiff, and for no other consideration whatever,

he did execute and deliver to the plaintiff the note in the declaration specified; and he further avers that the plaintiff had not then, nor has he now, any right or interest whatever in the premises, and that he had not then, nor has he now, any power whatever to sell or convey the same to the defendant. And this he is ready to verify.

The plaintiff craved *oyer* of the bond mentioned in the plea, and it was read to him as follows: Know all men by these presents that I, *James M‘Dorman*, am held and firmly bound unto *H. D. Jellison* in the sum of 1,200 dollars, &c., for the payment whereof, &c. "The condition of the above obligation is such, that if the above bound *James M‘Dorman* or his heirs, on or before the first day of *April*, 1844, or so soon as five notes of hand shall be paid in full, given by the said *Jellison* to said *M‘Dorman*, shall, upon the reasonable request of the said *Jellison*, his heirs or assigns, and at his or their proper costs and charges, make, execute, and acknowledge, a deed or deeds of conveyance, such as will be sufficient to convey, assure, and confirm, to the said *Jellison*, his heirs and assigns, a good, absolute, and indefeasible estate of inheritance in fee-simple, clear of all incumbrances, of and in the following messuage and tenement, to wit, the west half of the south east quarter of section two in township 24, range 7 east, of the lands sold at *Fort Wayne*, with the appurtenances thereto belonging, and in the mean time and until such deed shall be executed, shall and do permit said *Jellison*, his heirs and assigns, peaceably and quietly to hold and enjoy the said messuage and tract of land, then the above obligation to be void, otherwise in force." And thereupon for replication to said plea, the plaintiff says *precludi non*, because he says that the note in the declaration mentioned was not obtained by the plaintiff from the defendant, through fraud, misrepresentation, and deceit, as in said plea is alleged; and this he prays may be inquired of by the country.

A general demurrer was filed to the replication, and the demurrer sustained. Final judgment for the defendant.

It is not necessary to examine the replication, as we consider the plea to be substantially defective. The title-bond, in consequence of the *oyer*, became a part of the plea, and it

should appear to be the same bond with that which the plea had before described. The bond first stated in the plea, is for a conveyance of the land to the defendant in fee, without naming any time when, or condition on which, the conveyance should be made. The bond of which *oyer* was given, is for the payment of a certain sum of money, conditioned for a conveyance in fee of the land to the defendant on or before the first of *April*, 1844, or so soon as five notes of hand should be paid in full, given by the defendant to the plaintiff, on the reasonable request of the defendant, and at his costs and charges. These two obligations are obviously and materially different from each other, and the variance renders the plea, in substance, defective. The plaintiff, on a demurrer to the replication, has a right to show the plea to be bad on general demurrer. ,

The plea being insufficient, the judgment for the defendant cannot be sustained.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the plaintiff.

*J. Rariden*, for the defendant.